IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, | ) ) ) | Case No. 4:15-cv-00901-DGK |
| Plaintiff, | ) ) ) | Chief District Judge Greg Kays |
| v. | ) ) ) | |
| WORLDS OF FUN, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants Worlds of Fun, LLC and Cedar Fair, L.P. (collectively "WOF" or "Defendants") respectfully move this Court to dismiss the Complaint of Plaintiff Missouri Coalition for the Environment ("Plaintiff" or "MCE") for lack of subject matter jurisdiction because Plaintiff has failed to plead facts sufficient to make a plausible claim for standing.

As a threshold matter, MCE has not alleged a legally cognizable injury of any sort from the procedural violations alleged in its Complaint. As a result, MCE lacks the standing to pursue them and dismissal of Counts II, III, and IV is required.

MCE's remaining Count I (alleging violations of numeric permit limits) suffers from two critical jurisdictional defects. First, while MCE alleges that WOF has violated certain terms in its Clean Water Act permit, MCE does not allege any concrete and particularized injury—to itself or its members—from the alleged violations. Generalized concern for the environment is not enough. Nor is a legal recitation of the standing requirement sufficient. MCE must allege

facts sufficient to show that it or its members are being injured.  MCE's failure to do so deprives this Court of subject matter jurisdiction.

Second, MCE has failed to satisfy the traceability requirement of Article III standing. Under this requirement, a plaintiff must allege facts sufficient to make it plausible that the permit violations alleged have *caused* the plaintiff's injury.  Even specific allegations of injury will not do if there is no plausible basis for concluding that the alleged violations caused or contributed to the injury.  Where, as here, MCE alleges discharges of pollutants below even federal drinking water standards far upstream, the traceability requirement for standing is not satisfied.

Pursuant to Local Rule 7.0(c), for the reasons above, and for the further reasons set forth in WOF's contemporaneously-filed Suggestions in Support of Defendants' Motion to Dismiss, WOF respectfully requests that Plaintiff's Complaint be dismissed.

Dated:  January 6, 2016

Respectfully submitted,

By: /s/ John D. Lazzaretti
Allen A. Kacenjar (Ohio #0071224)
John D. Lazzaretti (Ohio #0080780)
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
allen.kacenjar@squirepb.com
john.lazzaretti@squirepb.com
(216) 479-8500
Fax (216) 479-8780

William Ford (Mo. Bar #35116)
Lathrop & Gage
2345 Grand Boulevard
Kansas City, Missouri  64108
WFord@LATHROPGAGE.COM
(816) 460-5817
Fax (816) 292-2001

*Counsel for Defendants Worlds of Fun, LLC and Cedar Fair, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

/s/ John D. Lazzaretti
*Counsel for Defendants Worlds of Fun, LLC and Cedar Fair, L.P.*