# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15-cv-00901-DGK |
| WORLDS OF FUN, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY AND CANCELLING THE DISCOVERY DISPUTE TELECONFERENCE

This case arises from Defendants' alleged release of wastewater into various Missouri rivers, streams, and tributaries. Plaintiff Missouri Coalition for the Environment alleges that Defendants Worlds of Fun, LLC, and Cedar Fair, L.P., regularly release pollutants into these waters in violation of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and fail to comply with the discharge permit issued to them by the Missouri Department of Natural Resources pursuant to the National Pollutant Discharge Elimination System, 33 U.S.C. § 1342. Now before the Court is Defendants' Motion to Stay Phase II Discovery (Doc. 33).

Defendants request a stay pending resolution of: (1) the state's prosecution in this matter, and (2) the jurisdictional summary judgment motions pending before the Court. Defendants argue that Phase II discovery will needlessly consume substantial judicial resources and impose substantial cost and hardship on the parties before these threshold issues are resolved. Defendants first assert that they are "actively negotiating a consent judgment [with the Missouri Attorney General] that is expected to permanently resolve the underlying environmental concerns alleged in this litigation." Def.'s Br. 3 (Doc. 34 at 3). Defendants also argue that the

1

cumbersome discovery requests will consume considerable resources and effort from Worlds of Fun during its busiest time of year. *Id.* at 7.

A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The proponent of a stay bears the burden of establishing the need for it. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a stay, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion, and whether the movant will be irreparably harmed absent a stay. *Id.* at 434.

The Court finds that the relevant factors, including the Court's interest in managing its docket and resolving this case in a timely manner, weigh against granting this motion. Without more information regarding the status of negotiations with the Attorney General, the Court is unconvinced that "all or most issues [in this matter] will *soon* be resolved by the State." *Id.* at 5 (emphasis added). Further, the fact that Defendants have filed what they believe to be a meritorious motion for summary judgment does not by itself justify staying this action, *see Reinerio v. Bank of N.Y. Mellon*, No. 15-CV-161-FJG, 2015 WL 4425856, at *6 (W.D. Mo. July 20, 2015), and being required to expend resources in responding to discovery requests does not constitute "irreparable harm."

Accordingly, the Court finds that Defendants have not carried their burden of establishing the need for a stay. The motion (Doc. 33) is DENIED without prejudice, and the discovery dispute teleconference is hereby CANCELLED. Defendants shall serve Plaintiff with written responses to Plaintiff's second set of discovery requests by June 27, 2016. Defendants shall produce documents responsive to Plaintiff's requests for production by July 11, 2016.

**IT IS SO ORDERED.**

Date: June 22, 2016  /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT