IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, | ) ) Case No. 4:15-cv-00901-DGK |
| Plaintiff, | ) ) Chief District Judge Greg Kays |
| v. | ) ) |
| WORLDS OF FUN, LLC, *et al.,* | ) ) |
| Defendants. | ) ) |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Pending before the Court is the parties' Joint Motion for a Confidentiality and Protective Order (Doc. 42). The motion is GRANTED and the following provisions shall control in this matter:

1. The term "Confidential Information" as used herein shall mean any document, testimony, or thing that is designated by any Party as "CONFIDENTIAL," as provided by this Stipulated Confidentiality and Protective Order.

2. The Parties may reasonably and in good faith designate documents or written discovery responses containing sensitive, confidential, or proprietary information, or discovery responses reflecting trade secrets, as "CONFIDENTIAL," provided such designation is stamped on the documents or so noted upon another document which reasonably describes the information so designated. Such designation may be made after allowing counsel for the designating party to review the materials being produced, without waiver of any protections of Confidential Information provided in this Stipulated Confidentiality and Protective Order.

3. With respect to deposition testimony, the designation of "CONFIDENTIAL" may be made on the record at the time of the deposition, at which time the testimony shall be marked "CONFIDENTIAL" by the court reporter and shall be subject to the full protection of this Order. In the case of testimony not so designated, counsel may, within 30 days after receipt of the deposition transcript, notify the Parties and any Court Reporters or Videographers that all or part of the deposition transcript contains Confidential Information, in which case the transcript or any pages specifically designated "CONFIDENTIAL" at such time shall be subject to the full protections of the Order. Until expiration of the aforementioned 30-day period, all deposition transcripts and the information contained therein shall be deemed Confidential Information, subject to the terms of the Order. The cover page of any deposition transcript containing testimony or exhibits which have been designated as Confidential Information shall include a prominent designation "CONTAINS CONFIDENTIAL INFORMATION" or equivalent language.

4. Confidential Information shall be used by a Party receiving such material solely for purposes of this Litigation and for no other purpose. Under no circumstance, other than those specifically provided for in this or a subsequent order of the Court, shall the Party receiving such material disclose it to persons other than the following:

    a. Parties in this action, including the Parties' employees, agents, or representatives;

    b. Experts or consultants retained to assist in this action;

    c. Fact witnesses for deposition or trial;

    d. Counsel of record for the Parties in this action, including their paralegals, staff working on the case, and law students working with Earthrise Law Center; and/or

    e. The Court and court personnel, including court reporters or videographers used to record deposition testimony.

5. Confidential Information may not be shown or revealed to those persons described in Subparagraphs a through c above until (i) the undersigned attorneys have advised such persons that the Confidential Information is confidential and is subject to this Order, and (ii) such persons have agreed in writing to be bound by the terms of this Order in the form attached hereto as Appendix A. Counsel shall maintain a signed copy of Appendix A for each individual provided access to Confidential Information and shall provide a copy of same to each party or its counsel upon request.

6. Each person given access to Confidential Information shall segregate such material, keep it secure, treat it as confidential, and take all actions necessary to preserve the confidentiality of the information.

7. To the extent necessary to fully protect the Confidential Information being provided by the Parties, any copies, notes, summaries, or exhibits made from, containing, or including Confidential Information shall be designated as "CONFIDENTIAL" by the person generating or creating same, and shall be subject to the provisions of this Order.

8. In the event that either Party elects to file with or submit to this Court any Confidential Information or information derived therefrom (by way of pleadings, motions, briefs or other papers containing or making reference to such material or information), that Party must either (a) file a motion for leave to file those documents under seal, or (b) file any documents containing Confidential Information only after redacting the Confidential Information. If option (a) is used, the moving Party shall also submit to the Court via email a proposed order and provide to the other Party copies of any documents it wishes to file under seal. If option (b) is used, the moving Party shall submit to the Court and the other Party unredacted copies of any documents filed with redactions.

9. Whenever Confidential Information is to be used or referred to at a hearing or trial, any Party may move in accordance with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive the Confidential Information under this Protective Order. In addition, any Party may move the Court to designate any testimony given at such hearing or trial as Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial as may be necessary to protect the confidentiality of the information.

10. In the event that a document as to which confidentiality is claimed is inadvertently produced or disclosed without first being designated as "CONFIDENTIAL," such inadvertent disclosure shall not constitute a waiver of any confidentiality with respect to such document or any other documents, and any such documents (and all copies made thereof) will be promptly returned to the producing party upon demand or marked with the confidential designation. In the event that counsel is or becomes aware or suspects that they have received confidential documents that were inadvertently produced or disclosed, they shall promptly provide notice of that fact to counsel for the producing party, and any such documents (and all copies made thereof) will promptly be returned to the producing party or marked with the confidential designation upon demand.

11. The Parties agree that, consistent with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b), the inadvertent disclosure of documents containing information that the producing Party believes may be subject to the attorney-client privilege or the attorney work product or trial preparation protections shall not be deemed a waiver of such privileges or protections if (a) the disclosure was inadvertent; (b) the holder of the privilege or protection took

4

reasonable steps to prevent disclosure; and (c) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B). Any Party who makes an inadvertent disclosure of privileged or protected information shall, within 30 days of discovering the inadvertent disclosure, advise the recipient in writing and request that the documents or information be returned to the producing party. It is further agreed that the receiving party shall return to the producing party such inadvertently disclosed documents or information and all copies thereof within 14 days from the earliest of (i) discovery by the receiving party of the producing party's inadvertent disclosure, or (ii) receipt of a written request for the return of such documents or information. Nothing in this Agreement shall preclude the receiving party from submitting an application to the Court asserting that the documents or information was properly produced and that the assertion of privilege or protection is not valid.

12. The Parties reserve their rights to challenge the propriety of a "CONFIDENTIAL" designation. If a Party who has received documents or information designated as "CONFIDENTIAL" claims that any such document or information should not be treated as Confidential Information or be subject to the terms of this Order, such Party shall give written notice of same to the producing entity, specifying (a) the documents it believes are not Confidential Information and (b) the basis for the challenge. The Parties shall in good faith use best efforts to resolve any disputes over the designation. Pending resolution of the parties' dispute over a confidential designation, the documents and information in question shall be treated as Confidential Information under the terms of this Order.

13. This Order shall continue to be effective following termination of this case. This Court shall retain jurisdiction with respect to this Order after the final judgment or dismissal of this case. Any and all copies of Confidential Information shall be returned to counsel of record for

the producing entity or destroyed within 45 days after the completion of this action against all Parties (unappealed final judgment or dismissal). If returned, materials shall be delivered in sealed envelopes marked "CONFIDENTIAL" to respective counsel. If destroyed, counsel shall inform the producing party of such destruction.

14. This Order does not alter the Parties' rights and obligations to produce or respond to discovery requests or to object thereto, in accordance with the Federal Rules of Civil Procedure or the Local Rules of this Court. This Order shall not constitute a waiver of any Party's right to oppose or object to any discovery request or move to compel discovery, or seek a protective order from the Court with respect to any potentially confidential information. The Parties reserve their right to use and to offer into evidence or to object to the use or offering into evidence of any material that has been designated Confidential Information, subject to the procedures set forth in this Order.

15. Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. This Order may be executed by counsel in multiple counterparts.

By: s/ James N. Saul  
    James N. Saul (*Pro Hac Vice*)  
    Lia Comerford (*Pro Hac Vice*)  
    Earthrise Law Center  
    Lewis & Clark Law School  
    10015 SW Terwilliger Blvd.  
    Portland, OR 97219  
    jsaul@lclark.edu  
    comerfordl@lclark.edu  
    (503) 768-6929 (Saul)  
    (503) 768-6823 (Comerford)  
    Fax (503) 768-6642  

By: s/ Allen A. Kacenjar (email auth. 5/4/16)  
    Allen A. Kacenjar (Ohio Bar #0071224)  
    John D. Lazzaretti (Ohio Bar #0080780)  
    Squire Patton Boggs (US) LLP  
    4900 Key Tower  
    127 Public Square  
    Cleveland, Ohio 44114  
    allen.kacenjar@squirepb.com  
    john.lazzaretti@squirepb.com  
    (216) 479-8500  
    Fax (216) 479-8780

Robert Menees  
Great Rivers Environmental Law Center  
319 N. Fourth St., Suite 800  
St. Louis, MO 63102  
bobmenees@greatriverslaw.org  
(314) 231-4181  
Fax (314) 231-4148  

*Counsel for Plaintiff Missouri Coalition*  
*for the Environment*

William Ford (Mo. Bar #35116)  
Lathrop & Gage  
2345 Grand Boulevard  
Kansas City, Missouri 64108  
WFord@LATHROPGAGE.COM  
(816) 460-5817  
Fax (816) 292-2001  

*Counsel for Defendants Worlds of Fun,*  
*LLC and Cedar Fair, L.P.*

SO ORDERED this 29TH day of June 2016.

    /s./ Greg Kays  
Greg Kays, Chief Judge  
United States District Court

# **APPENDIX A**

I, _____, being of lawful age and capacity, hereby certify that I have read the Stipulated Confidentiality and Protective Order ("Order") in the above-captioned case and I agree to abide by its terms. I agree that, except for this litigation, I will not make any use of Confidential Information, nor will I provide such information to any third-parties. I consent to the personal and subject matter jurisdiction of this Court and the state and federal courts from the location of the business from which the Confidential Information was produced for purposes of enforcement or other matters related to the Order.

In witness whereof, the undersigned has executed this acknowledgement and agreement this \_\_\_\_\_ day of _____, 2016.


BY: _____